UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MONTIEL,

Plaintiff, Case No. 2:26-CV-11644

v. UNITED STATES DISTRICT COURT JUDGE

DIAKITE, et. al., GERSHWIN A. DRAIN

Defendants.
_______________________________________/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Jose Montiel's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Cotton Correctional Facility in Jackson, Michigan. Upon review of Plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Because Plaintiff did not submit the necessary filing fee for a civil action, the Court construes his complaint as a request to proceed *in forma pauperis*. *See Cosgrove v. Osceloa, Cnty. of,* No. 2:25-CV-14067, 2026 WL 126145, at *1 (E.D. Mich. Jan. 16, 2026) (citing *Szymanski v. U.S. Marshall*, No. 14-CV-10305, 2014 WL 1308821, at *1 (E.D. Mich. Mar. 28, 2014)).

A review of federal court records indicates that Plaintiff has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Montiel v. Skinner*, No. 1:24-CV-1268, 2025 WL 1003930 (W.D. Mich. Mar. 12, 2025), *report and recommendation adopted*, No. 1:24-CV-1268, 2025 WL 1000667 (W.D. Mich. Apr. 3, 2025); *Montiel v. Cnty. of Van Buren*, No. 1:25-CV-66, 2025 WL

913751 (W.D. Mich. Mar. 26, 2025); *Montiel v. Johnson*, No. 1:25-CV-122, 2025 WL 807756 (W.D. Mich. Mar. 14, 2025).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Plaintiff has not alleged any facts which would credibly establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g). To be eligible for

imminent danger exception to the three-strikes rule barring *in forma pauperis* status to prisoners who have filed frivolous complaints, a prisoner must plausibly allege imminent danger of serious physical injury. *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019).

Plaintiff appears to alleges that the defendants filed a false misconduct charge against him in retaliation for him filing a grievance involving a prior assault by an unidentified person that required Plaintiff to go to the prison medical department to be treated for a laceration.

The prior alleged assault does not come within the imminent danger exception to the three strikes rule. In order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n. 1 (6th Cir. 2007); *Rittner,* 290 F. App'x at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). The prior assault is not contemporaneous with the filing of this complaint and thus does not satisfy the imminent danger exception.

Plaintiff's allegation that the defendants retaliated against him by filing a false misconduct charge likewise does not fall within the imminent danger exception to 28 U.S.C.§ 1915(g) because it does "not establish a concrete, immediate threat of serious physical harm." *See White v. Sturm*, 737 F. Supp. 3d 576, 579 (E.D. Mich. 2024).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Plaintiff has three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis*. *See White v. Sturm,* 737 F. Supp. 3d at 579. The Court will not certify that any appeal from this dismissal would be in good faith and thus the Court will not issue a certificate of appealability.

It is hereby **ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

Dated: August 11, 2026